FILED
2009 Feb-26  AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**JACK J. KENNEDY**

      **Plaintiff,**

**v.**                                     **CV 08-PT-2334-M**

**MIDLAND CREDIT MANAGEMENT
INC.; TRANS UNION, LLC; EQUIFAX
INFORMATION SERVICES, INC.
and EXPERIAN INFORMATION
SOLUTIONS, INC.**

      **Defendants.**

# MEMORANDUM OPINION

I. Introduction

      The Court has for its consideration Defendant Midland Credit Management, Inc.'s ("Midland") Motion to Dismiss for failure to state a claim upon which relief can be granted. (Doc. 14.) Specifically, Plaintiff Kennedy has sued Midland for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Kennedy also seeks relief for various state law causes of action for Midland's negligent, malicious, wanton, reckless, and/or intentional conduct in handling and reporting Kennedy's consumer credit information. Midland seeks dismissal of all claims because: (1) the FCRA provides no private right of action against furnishers of credit information; (2) the Complaint fails to state a claim of abusive debt collection practices under the FDCPA; and (3) all state law claims are preempted under the FCRA.

II. Facts[1]

Plaintiff alleges that the District Court of St. Clair County, Alabama, entered judgment in his favor in an action commenced against him by Midland in June 2008 regarding a certain debt. Plaintiff alleges that Midland continued to report the debt and Plaintiff's default to CRAs despite knowledge that the state court entered judgment in his favor. Plaintiff also alleges that Midland negligently, wantonly, recklessly, willfully, intentionally, and/or maliciously kept a false balance on Plaintiff's credit report, thereby "lead[ing] to false and defamatory information being published every time the Plaintiff Kennedy's credit report is accessed."

Plaintiff contends that he disputed the debt with Defendants Experian, Trans Union and Equifax, credit reporting agencies ("CRAs"), who he alleges notified Midland of the dispute or, alternatively, did not properly notify Midland. Plaintiff alleges that "[a]ll Defendants failed to properly investigate these disputes." He contends that all Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to conduct reasonable investigations.

Plaintiff claims that all of these actions have caused him "past and future monetary loss, past and future damage to Plaintiff Kennedy's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages . . . ."

III.    Motion to Dismiss.

A.      Standard

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  To survive a

---

[1]For purposes of this opinion, the facts are accepted as alleged in the complaint. Recitation of the facts alleged by the Plaintiff in this opinion is not to be construed as a verification that the allegations are true.

12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, a complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory. *Robertson*

---

[2]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson. See Bell Atl. Corp.*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S. Ct. at 1969.

*v. Johnston*, 376 F.2d 43 (5th Cir. 1967).[3]

      B. Discussion

             1. Private Right of Action under the FCRA

      Midland concedes that it is a "furnisher of information" under the FCRA, but argues that there is not a private right of action allowed against it under the FCRA. Specifically, Midland asserts that only CRAs, and not mere furnishers of credit information, are liable under the Act.

      The FCRA attaches civil liability for willful or negligent noncompliance under 15 U.S.C. §§ 1681n and 1681o. Furnishers of information to consumer credit agencies are specifically charged with duties under 15 U.S.C. § 1681s-2(a)-(b). While 15 U.S.C. § 1681s-2(c)(1) specifically prohibits private rights of actions, under §§ 1681n or 1681o, against furnishers of information for their violations of § 1681s-2(a), it does not mention § 1681s-2(b). Under the canon of construction *expressio unius est exclusio alterius*, this Court will read a statute that expressly refers to one thing so as to exclude other things not mentioned. Thus, by only referring to § 1681s-2(a), it must be that Congress intended to preserve a right of action under §§ 1681n and 1681o for violations of § 1681s-2(b). Decisions of courts in this Circuit are in accord. *See, e.g.*, *Green v. RBS Nat'l Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008) ("The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency."); *Brosage v. T-Mobile United States, Inc.*, 2008 U.S. Dist. LEXIS 20952, at *9-10 (S.D. Ala. Mar. 17, 2008).

      As the Eleventh Circuit in *Green* noted, liability under § 1681s-2(b) attaches to a furnisher

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of information only after that furnisher receives notice of the consumer's dispute from a consumer reporting agency. Section 1681s-2(b) states in full:

Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
(I) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

Kennedy states in his Complaint that he notified all three Defendant CRAs of his dispute with Midland over the specious debt. (Doc. 1, ¶23.) Kennedy also alleges that the CRAs notified Midland of the dispute. (Doc. 1, ¶27.) Despite this notice, Kennedy alleges, "[a]ll Defendants failed to properly investigate these disputes as [sic] if Defendants had properly investigated, the Midland

account would have been deleted." (Doc. 1, ¶29.). Furthermore, Kennedy alleges that Midland willfully, through its policies and procedures, refused to update and correct the information it supplied to the CRAs about the alleged disputes and inaccuracies Kennedy complained of to Midland. (Doc. 1, ¶¶45-46, 48-49, 53.) Such allegations fall squarely under behavior proscribed in § 1681s-2(b). Accordingly, Midland's motion to dismiss the FCRA claims is DENIED.

2. Abusive Collection Practices under the FDCPA

Midland also maintains that the conduct alleged in the Complaint constitutes only violations of the FCRA as a furnisher of information; i.e., Midland's conduct, even if taken as true, only amounts to erroneous or inaccurate *reports* of information to the CRAs and not attempts to collect a debt. Thus, Midland argues, the FDCPA is inapplicable.

However, the FDCPA expressly prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). The FDCPA also forbids the false representation of "the character, amount, or legal status of any debt." § 1692e(2)(A). Kennedy quite plainly alleges that Midland refused to remove the false balance from its credit information (i.e., "parked" the account) in order "that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan . . . ." (Doc. 1, ¶48.) Kennedy also alleges that this "parking" was done with the "malicious and intentional design . . . to force Plaintiff Kennedy to pay on an account Plaintiff Kennedy does not owe." (Doc. 1, ¶50.) Under both Rule 8 of the Federal Rules and *Twombly*, Plaintiff Kennedy has sufficiently pleaded his allegations so as to state a claim under the FDCPA. Accordingly, Midland's motion to dismiss FDCPA claims is DENIED.

3. Preemption of State Law Claims

Finally, Midland asserts that Kennedy's state law claims are preempted by 15 U.S.C. § 1681t(b)(1)(F), which reads:

> No requirement or prohibition may be imposed under the laws of any State . . . *with respect to any subject matter regulated under . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies*, except that this paragraph shall not apply . . . with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or . . . with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996) (emphasis added).

Kennedy responds by asserting that the preemption provision of 15 U.S.C. § 1681t(b)(1)(F) is in conflict with that in 15 U.S.C. § 1681h(e). Section 1681h(e) reads:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

According to Kennedy, the conflict between these to provisions serves to limit the preemption of state law claims under the FCRA.

When courts have found these two provisions in conflict, three general approaches have been used to reconcile them. The first approach is to hold that § 1681h(e) (which was enacted first) is completely superceded by § 1681t(b)(1)(F) (enacted subsequently), and thus all state law claims regulated by § 1681s-2 are wholly preempted. *See, e.g.*, *Jaramillo v. Experian Info. Solutions, Inc.*,

155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001). The second approach, known as the temporal approach, has been to find that § 1681t(b)(1)(F) serves as a bar to state law claims only *after* a consumer reporting agency notifies the furnisher of credit information of a consumer dispute. For acts committed before such notification, § 1681h(e) applies. Because this provision only preempts state tort actions "in the nature of defamation, invasion of privacy, or negligence," while expressly precluding preemption of willfully or maliciously tortious conduct, state law claims arising before notification are *not* preempted. *See, e.g.*, *Riley v. GMAC*, 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002).

The third approach is to find that § 1681t(b)(1)(F) applies only to, and therefore only preempts, state statutory regulation. Under this view, § 1681t(b)(1)(F) would not bar Kennedy's state common law tort claims, and § 1681h(e) would likewise not preempt those claims because Kennedy has alleged them to be willful or malicious. *See, e.g.*, *McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335 (N.D. Ala. 2004).

While sorting out the implications of these "dueling" preemption provisions has plagued district courts for some time, it is important to remember that such a question need only be answered if both provisions actually apply; that is, if, by the plain language of the statute, it is apparent that only one (or perhaps neither) provision is apposite, then the issue of preemption is decidedly simpler.

The court's decision in *Knudson v. Wachovia Bank, N.A.*, 513 F. Supp. 2d 1255 (M.D. Ala. 2007), is instructive here. In that case, plaintiff sued Wachovia after Wachovia continued to report his account as past due, despite repeated dispute reports file by the plaintiff. The court noted that § 1681h(e) only dealt with claims arising from disclosures of "information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a

consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." *Knudson*, 513 F. Supp. 2d at 1259-60 (citing 15 U.S.C. § 1681h(e)). Because §§ 1681g and 1681h deal only with consumer reporting agencies, and because § 1681m (and the remaining language of § 1681h(e)) apply only to users of information who take adverse action against consumer, Knudson's claims against Wachovia as a furnisher of information did not fall under § 1681h(e)'s purview at all. 513 F. Supp. 2d at 1260. *See also Whitesides v. Equifax Credit Information Services, Inc.*, 125 F. Supp 2d 807, 811 (W.D. La. 2000):

> § 1681h(e) is not actually a preemption provision. Rather, it is a quid pro quo grant of protection for statutorily required disclosures. Since various parts of the federal statute require consumer reporting agencies and information users to disclose information to consumers under certain circumstances, this section guarantees that the agencies or users cannot be sued for those required disclosures under state tort law. It makes sense that acts required to be done by the FCRA are immunized from state tort liability . . . . However, the acts of [the furnisher of credit information], particularly the reporting of the Whitesides account to consumer reporting agencies, do not fall within the ambit of disclosures considered by 1681h(e) (internal punctuation and citations omitted).

As in *Knudson* and *Whitesides*, Kennedy's claims do not fall under those activities regulated by § 1681h(e), and thus any preemption flowing from this section does not bar his state law claims.

On the other hand, § 1681t(b)(1)(F) appears on its face to preclude at least some of Kennedy's state law claims. As stated above, this section provides that no requirement or prohibition may be imposed under state law with respect to matters regulated by § 1681s-2. Kennedy's FCRA claims clearly involve matters regulated by § 1681s-2 as he seeks relief under § 1681s-2(b). The plain face of the statute is clear and without ambiguity. Accordingly, to the extent that Kennedy's state law claims involve matters regulated by § 1681s-2, those claims are preempted by § 1681t(b)(1)(F) and are DISMISSED.

IV. Conclusion

For the reasons stated above, Midland's motion to dismiss is denied to all claims other than Kennedy's state law claims that arise from conduct regulated by § 1681s-2 of the FCRA. A separate order will be entered.

This the 26th day of February, 2009.


_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**